## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC LAMONT JOHNSON,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:21-cv-2109** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **UNITED STATES,** *et al.*, | : | |
| **Defendants** | : | |

### MEMORANDUM

On December 16, 2021, *pro se* Plaintiff Eric Lamont Johnson ("Plaintiff")

initiated the above-captioned action by filing a complaint pursuant to *Bivens v. Six*

*Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971),

against Defendants the United States, Bureau of Prisons ("BOP") Director John Doe,

Associate Warden David S. Ebbert ("Ebbert"), Lieutenant Ongonez ("Ongonez"),

and four (4) other John Doe Defendants.  (Doc. No. 1.)  Plaintiff has also filed a

motion for leave to proceed *in forma pauperis*.  (Doc. No. 2.)  The Court will grant

Plaintiff's motion to proceed *in forma pauperis* and dismiss his complaint without

leave to amend for the reasons set forth below.

## I.      BACKGROUND

### A.      Summary of Plaintiff's Complaint

Plaintiff's complaint concerns events that allegedly occurred while he was

incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP

Lewisburg").  Plaintiff alleges that on April 24, 2018, correctional officers "were

conducting showers for inmates housed on the 3rd floor of D-Block." (Doc. No. 1 at 9-10.)  When Plaintiff's cellmate returned from the shower, Officer John Doe instructed Plaintiff to come to the cell door and submit to handcuffs. (*Id.*)  Plaintiff did not comply. (*Id.*)  Officer John Doe reported the incident to Lieutenant John Doe, who also instructed Plaintiff to cuff up; Plaintiff again refused. (*Id.*)

Lieutenant John Doe received authorization to conduct a cell extraction. (*Id.*) When the extraction team arrived at Plaintiff's cell, Plaintiff was asked if he was refusing to cuff up. (*Id.*)  Plaintiff responded that he was not refusing. (*Id.*)  Plaintiff was placed in handcuffs and escorted to the front of the tier, where he was stripped in plain view of all of the other inmates. (*Id.*)  Plaintiff was dressed in a paper shirt and shorts, a chain was wrapped around his waist, the handcuffs were secured to the chain, and shackles were placed on his ankles. (*Id.*)

Plaintiff was escorted to cell 102, where he remained for twenty-four (24) hours. (*Id.* at 11.)  During this time, Plaintiff was not given bathroom breaks, and he was unable to eat or drink because of the hand restraints. (*Id.*)  Moreover, an officer entered the cell every two (2) hours and ordered Plaintiff "to sit up so that he was deprived of sleep." (*Id.*)  Plaintiff avers that Defendant Ongonez is the individual who sought authorization to place him in handcuffs and shackles, and that six (6) officers were involved in the incident. (*Id.*)  Plaintiff indicates that he did not file a grievance about these events because he was threatened after requesting

grievance forms.  (*Id.* at 16-17.)   According to Plaintiff, Counselor Marr told Plaintiff to "keep [his] mouth closed" and Counselor Smith refused to provide forms. (*Id.* at 17.)

Plaintiff avers that as a result of this incident, he "suffered extreme humiliation and embarrassment by being stripped naked in plain view of the other inmates." (*Id.* at 12.)  He also suffered "severe mental anxiety and distress," as well as physical injuries to his wrists and ankles. (*Id.*)  Based on the foregoing, Plaintiff asserts violations of his Fifth and Eighth Amendment rights. (*Id.* at 4.)  He seeks immediate release, full restoration of his citizenship rights, forfeiture of USP Lewisburg to him, and $50 million per hour for every hour he was "subject to torture as well as other methods of cruel and unusual punishment." (*Id.* at 13.)

### B.    Procedural History

Plaintiff initially filed a complaint raising the same claims set forth above on April 22, 2019, in the United States District Court for the District of New Mexico. *Johnson v. United States*, No. 1:19-cv-1381 (M.D. Pa.) (Doc. No. 1.)  He filed an amended complaint, which is identical to the one filed in the above-captioned action, on May 6, 2019.  *Id.* (Doc. No. 4.)  On August 8, 2019, the District of New Mexico transferred the matter to this Court.  *Id.* (Doc. No. 8.)  On October 7, 2019, this Court denied Plaintiff leave to proceed *in forma pauperis*, concluding that he had sufficient funds in his prisoner trust fund account, and directed him to pay the $400.00 filing

fee within twenty-one (21) days. *Id.* (Doc. No. 15.)  Plaintiff failed to do so. Accordingly, on November 4, 2019, the Court dismissed his amended complaint without prejudice. *Id.* (Doc. No. 17.)  On November 16, 2021, Plaintiff submitted a motion to cure deficiency and reopen case, along with a check for $400.00. *Id.* (Doc. No. 18.)  In an Order dated November 17, 2021, the Court construed Plaintiff's motion as one brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, denied the motion as untimely, and directed that the check be returned to Plaintiff at his Joshua Tree, California address. *Id.* (Doc. No. 19.)

## II.   LEGAL STANDARDS

### A.   Screening and Dismissal of *In Forma Pauperis* Complaints

Under 28 U.S.C. § 1915(e)(2)(B), the Court has an obligation to screen actions filed by individuals proceeding *in forma pauperis* and must dismiss "the case at any time if the [C]ourt determines that . . . the action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 381 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)).  When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, No. 15-01757, 2017 WL 3016165, at

4

*3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.").

To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 679; *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

5

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion:  (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).  In addition, in the specific context of *pro se* prisoner litigation, a district court must be mindful that a document filed *pro se* is "to be liberally construed."  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S. at 106) (internal quotation marks omitted)).

### B.   *Bivens* Claims

A *Bivens* civil rights action asserted under 28 U.S.C. § 1331 is evaluated using the same standards applicable to a 42 U.S.C. § 1983 civil rights action.  *See Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975).  To state a claim under *Bivens*, a plaintiff must allege that he was deprived of a federal right by a person acting under color of federal law.  *See Young v. Keohane*, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992).

## III.   DISCUSSION

### A.   Plaintiff's Complaint

As noted *supra*, Plaintiff has brought suit pursuant to *Bivens*, asserting claims arising from an incident that allegedly occurred on April 24, 2018, while Plaintiff was incarcerated at USP Lewisburg.  (Doc. No. 1.)  "The statute of limitations for a *Bivens* claim, as for claims arising under 42 U.S.C. § 1983, is borrowed from the forum state's personal injury statute."  *See Brown v. Tollackson*, 314 F. App'x 407, 408 (3d Cir. 2008).  In Pennsylvania, the statute of limitations for personal injury actions is two (2) years.  *See* 42 Pa. Cons. Stat. Ann. § 5524.  The statute of limitations begins to run when a plaintiff knows that he has been injured.  *See Montalban v. Powell*, 799 F. App'x 111, 112 (3d Cir. 2020) (citing *Bohus v. Beloff*, 950 F.2d 919, 924 (3d Cir. 1991)).

Pennsylvania law provides that "where the commencement of a civil action or proceeding has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action or proceeding must be commenced."  *See* 42 Pa. Cons. Stat. Ann. § 5535(b).  The Third Circuit Court of Appeals has held that "the PLRA['s exhaustion requirement] is a statutory prohibition that tolls Pennsylvania's statute of limitations."  *See Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015).  Moreover, although Plaintiff is no longer incarcerated, the Third Circuit Court of Appeals has held that "this tolling

rule benefits former prisoners too." *See Jones v. Unknown D.O.C. Bus Driver and Transp. Crew*, 944 F.3d 478, 481 (3d Cir. 2019).

Generally, the statute of limitations is an affirmative defense that must be pleaded and is subject to waiver, *see Chainey v. Street*, 523 F.3d 200, 209 (3d Cir. 2008), but a court may *sua sponte* dismiss a complaint as untimely where "it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009) (citing *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007)).  Here, Plaintiff raises claims concerning constitutional injuries he allegedly suffered on April 24, 2018.  The two-year statute of limitations began to run on that date and, therefore, expired on April 24, 2020. Plaintiff admits in his complaint that he did not file a grievance regarding this incident and, therefore, cannot receive the benefit of any tolling pursuant to *Pearson* and *Jones*.  Moreover, the dismissal without prejudice of Plaintiff's previous lawsuit concerning these events does not save the current action from being time-barred. *See Cardio-Med. Assocs., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983) (noting that "[i]t is a well recognized principle that a statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice"). The instant complaint, filed on December 16, 2021, is plainly untimely and, accordingly, will be dismissed.

**B.      Leave to Amend**

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  *Id.*  The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim.  *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002).  Based on the foregoing, it would be futile to grant Plaintiff leave to file an amended complaint because his claims are time-barred.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) and dismiss his complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii).  Plaintiff will not be granted leave to file an amended complaint.

An appropriate Order follows.

<u>S/Sylvia H. Rambo</u>
United States District Judge

Dated: January 3, 2022